IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.  3:21-cv-347 |
| SEA LION CHEMICAL TECHNOLOGY, INC., | ) |
| SEA LION, INC., | ) |
| Defendants. | ) |

COMPLAINT

The United States of America, by the authority of the Attorney General of the United States, by and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

NATURE OF THE ACTION

1. This is a civil action pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), against Defendants for the recovery of unreimbursed response costs that the United States has incurred in response to the release or threatened release of hazardous substances at and from the Malone Service Company Superfund Site, located at 5300 Campbell Bayou Road in Texas City, Texas (the "Site").

2. Pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), the United States further seeks a declaratory judgment, binding in any subsequent action by the United

States to recover further response costs, that the Defendants are liable for future response costs incurred by the United States in connection with the Site.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. Sections 1331 and 1345.

4. Venue is proper in this District pursuant to 42 U.S.C. Section 9613(b) and 28 U.S.C. Sections 1391(b) and (c) and 1367 because the release or threatened release of hazardous substances that gives rise to the action occurred in this District.

## DEFENDANTS

5. Defendants Sea Lion Chemical Technology, Inc., and Sea Lion, Inc., are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

6. Sea Lion, Inc. is the corporate parent of Sea Lion Chemical Technology, Inc.

## GENERAL ALLEGATIONS

7. The Site encompasses approximately 150 acres near Galveston Bay and Swan Lake, approximately 1.6 miles southeast of the intersection of State Highway Loop 197 and State Highway 3, in Texas City, Texas.

8. From approximately 1964 until 1996, the Malone Service Company stored and treated or disposed of hazardous substances on portions of the Site. A large number of companies sent approximately 481 million gallons (11.45 million barrels) of waste to the Site. The predecessor to the Texas Commission for Environmental Quality ("TCEQ") revoked the Malone Services Company's permits in 1997. The Site no longer receives hazardous wastes.

9. EPA listed the Site on the National Priorities List on June 14, 2001. 66 Fed. Reg. 32,235, 32,238 (June 14, 2001) (Table 1). Pursuant to an Administrative Order on Consent

signed by EPA on September 30, 2003, a group of potentially responsible parties ("PRPs") completed the remedial investigation/feasibility study ("RI/FS") for the Site. Based upon the RI/FS, EPA selected the "Site Remedial Action" which is documented in the Record of Decision ("the ROD") signed on September 30, 2009.

10. The EPA subsequently entered into a judicial consent decree with 103 private entities, the State of Texas, and eight federal agencies for recovery of response costs and performance of the remedy pursuant to the ROD. The decree was entered by the District Court for the Southern District of Texas on September 24, 2012 (U.S. v. Alcoa, Civ. Action No. 3:12-cv-00210, S.D. Tex.) The approximate cost of the remedial action performed at the Site was $56.4 million. It was completed in 2017.

11. The hazardous substances of concern at the Site are metals, volatile organic chemicals, semi-volatile organic chemicals, dioxins, and polychlorinated biphenyls.

12. Sea Lion Chemical Technology, Inc. operated a manufacturing facility in Texas City, Texas, that produced specialty chemicals, including silane products used in low rolling-resistance tire compounds, as well as hydrogen sulfide, sodium hydrogen sulfide, o-dichlorobenzene, dimethyl sulfate, hydrogen peroxide, sodium metal, sodium methoxide, pyrophoric chemicals and catalysts, epichlorohydrin, styrene, o-cresol, and concentrated hydrochloric, sulfuric and nitric acids.

13. During its operations, Sea Lion Chemical Technology, Inc. generated waste materials and hazardous substances that were sent to the Site for disposal, as described in manifests and State of Texas reports, including spent process acid, corrosive and hazardous waste liquids, and spent sulfuric acid.

14. The Site waste-in list estimates that Sea Lion Chemical Technology, Inc. contributed 10,189,449 gallons of wastes that were sent between 1977 and 1993.

15. Sea Lion, Inc. is the corporate parent of Sea Lion Chemical Technology, Inc. and is liable for the actions of Sea Lion Chemical Technology, Inc., as its corporate successor.

16. There was a "release" or a threatened "release" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at and from the Site.

17. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. EPA has incurred and will continue to incur response costs at the Site to address the release and disposal of hazardous substances at the Site.

FIRST CLAIM FOR RELIEF
(Response Costs Under CERCLA § 107(a))

19. The allegations contained in Paragraphs 1 – 18 are realleged and incorporated herein by reference.

20. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part as follows:

> subject only to the defenses set forth in subsection (b) of this section . . .
>
>> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances . . .
>
> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for —
>
>> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan . . . .

21. Defendants are persons, or the successors to persons, who arranged for the disposal or treatment, or the transport for disposal or treatment, of hazardous substances within the meaning of Sections 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

22. The actions taken by the United States in connection with the Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with which the United States has incurred costs.

23. The costs incurred by the United States in connection with the Site are not inconsistent with the National Contingency Plan, codified at 40 C.F.R. Part 300.

24. Pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), Defendants are jointly and severally liable to the United States for all unreimbursed response costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs and prejudgment interest.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment Under CERCLA § 113)

25. The allegations in paragraphs 1 – 24 are re-alleged and incorporated herein by reference.

26. CERCLA Subsection 113(g)(2), 42 U.S.C. § 9613(g)(2), states that in any action for recovery of costs under CERCLA Section 107, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs."

27. The United States will continue to incur response costs associated with the contamination at the Site, including governmental enforcement costs that are recoverable under CERCLA. The United States is entitled to entry of a declaratory judgment that each of the

Defendants is jointly and severally liable to the United States for future response costs incurred in connection with the Site.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, prays that this Court:

1. Enter judgment in favor of the United States and against Defendants, jointly and severally, for all costs, including prejudgment interest, incurred by the United States for response actions in connection with the Site and not otherwise reimbursed;

2. Enter a declaratory judgment that Defendants are liable, jointly and severally, for all future response costs incurred by the United States in connection with the Site;

3. Award the United States its costs of this action; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*s/ Samuel D. Blesi*
SAMUEL D. BLESI
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-5516
Fax: 202-514-1466
E-mail: Sam.Blesi@usdoj.gov

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

*s/ Jimmy A. Rodriguez*
JIMMY A. RODRIGUEZ
Senior Litigation Counsel
Assistant United States Attorney
Southern District of Texas
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas  77002
Tel: (713) 567-9532
Fax: (713) 718 3303
jimmy.rodriguez2@usdoj.gov

OF COUNSEL:

ANNE FOSTER
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 6
1201 Elm Street
Dallas, TX  75270