# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:21-cv-347 |
| ) | |
| v. ) | |
| ) | |
| SEA LION TECHNOLOGY, INC., ) | |
| SEA LION, INC. ) | |
| ) | |
| Defendants. ) | |

**COST RECOVERY CONSENT DECREE**
**FOR THE MALONE SUPERFUND SITE, TEXAS CITY, TEXAS**

# TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................ 1
II.     JURISDICTION ................................................................................................ 2
III.    PARTIES BOUND ............................................................................................ 3
IV.     DEFINITIONS.................................................................................................... 3
V.      STATEMENT OF PURPOSE ......................................................................... 6
VI.     PAYMENT OF RESPONSE COSTS.............................................................. 6
VII.    FAILURE TO COMPLY WITH CONSENT DECREE .................................. 7
VIII.   COVENANTS BY THE UNITED STATES ................................................... 9
IX.     RESERVATION OF RIGHTS BY UNITED STATES ................................. 11
X.      COVENANTS BY SETTLING DEFENDANTS ........................................... 12
XI.     EFFECT OF SETTLEMENT/CONTRIBUTION .......................................... 13
XII.    RETENTION OF RECORDS.......................................................................... 15
XIII.   NOTICES AND SUBMISSIONS.................................................................... 18
XIV.    RETENTION OF JURISDICTION ................................................................ 19
XV.     INTEGRATION ............................................................................................... 19
XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................... 19
XVII.   SIGNATORIES/SERVICE............................................................................. 20
XVIII.  FINAL JUDGMENT ....................................................................................... 21

# I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA") against Defendants Sea Lion Technology, Inc. and Sea Lion, Inc. ("Settling Defendants"), seeking reimbursement of response costs incurred and to be incurred for response actions taken and to be taken at or in connection with the release or threatened release of hazardous substances at the Malone Service Company site in Texas City, Texas ("the Site").

B.    In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional response actions in the future. The EPA's selection of the "Site Remedial Action" is documented in the Record of Decision ("the ROD") signed on September 30, 2009.  The EPA subsequently entered into a judicial consent decree with 103 private entities, the State of Texas, and eight federal agencies for performance of the remedy. The decree was entered by the District Court for the Southern District of Texas on September 24, 2012 (U.S. v. Alcoa, Civ. Action No. 3:12-cv-00210, S.D. Tex.) (the "2012 Consent Decree"). Construction of the Site Remedial Action has been completed.

C.    In performing response actions at the Site, EPA has incurred response costs and will incur additional response costs in the future.

1

D.      The United States alleges that Settling Defendants are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred and to be incurred at the Site.

E.      Settling Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

F.      The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.      JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree, or this Court's jurisdiction to enter and enforce this Consent Decree.

### III.    PARTIES BOUND

2.      This Consent Decree is binding upon the United States, and upon Settling

Defendants and their successors, and assigns. Any change in ownership or corporate or other

legal status, including, but not limited to, any transfer of assets or real or personal property, shall

in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

### IV.    DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this

Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA

shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms

listed below are used in this Consent Decree or its appendices, the following definitions apply:

a.      "Allocation Amount" shall mean the amount of $2,633,646 determined to be

Settling Defendants allocated share of response costs at this Site.

b.      "CERCLA" shall mean the Comprehensive Environmental Response,

Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

c.      "Certification of RA Completion" shall mean the EPA's written Certification

of Completion of the Remedial Action pursuant to paragraph 51 (Completion of the Remedial

Action) of the 2012 Consent Decree.

d.      "Consent Decree" shall mean this Consent Decree. In the event of conflict

between this Consent Decree and any appendix, this Consent Decree shall control.

e. "Date of Lodging" is the date on which the United States files the complaint and the "Notice of Lodging" of this Consent Decree with the United States District Court.

f. "Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or a federal or State holiday, the period shall run until the close of business of the next working day.

g. "DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

h. "Effective Date" shall mean the date upon which approval of this Consent Decree is recorded on the Court's docket.

i. "EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

j. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

k. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

l.     "National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

m.     "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

n.     "Parties" shall mean the United States and Settling Defendants.

o.     "Plaintiff" shall mean the United States.

p.     "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992, also known as the Resource Conservation and Recovery Act.

q.     "Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Site signed on September 30, 2009, by the Director of the Superfund Division, EPA Region 6, or his/her delegate, and all attachments thereto.

r.     "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

s.     "Settling Defendants" shall mean Sea Lion Technology, Inc. and its parent corporation Sea Lion, Inc.

t.     "Site" shall mean the Malone Service Company Superfund Site, encompassing approximately 150 acres, located at 5300 Campbell Bayou Road in Texas City, Galveston County, Texas, and generally shown on the map attached as Appendix A.

5

u.   "Site Remedial Action" or "Remedial Action" shall mean the remedial action selected in the ROD.

v.   "State" shall mean the State of Texas.

w.   "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.      STATEMENT OF PURPOSE

4.      By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment to resolve their alleged civil liability with regard to the Site under Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), as provided in the Covenants by Plaintiff in Section VIII, subject to the Pre- and Post-Certification Reservations in Paragraphs 15 and 16 and the Reservations of Rights by United States in Section IX.

## VI.     PAYMENT OF RESPONSE COSTS

5.      **Payment by Setting Defendants for Response Costs**. Within 30 days after the Effective Date, Settling Defendants shall pay to EPA $2,987,353.53.  In addition, within 30 days after the Effective Date, Settling Defendants shall pay to EPA Interest on the Allocation Amount calculated from July 8, 2020 through the Date of Lodging.

6.      Settling Defendants shall make payment at www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Southern District of Texas after the Effective Date. The payment instructions provided by the FLU will include a

6

Consolidated Debt Collection System ("CDCS") number, Site/Spill ID Number 06GZ, and DJ Number 90-11-2-07465/8, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> Steven Humphreys
> Kelley Drye & Warren, LLP
> One Jefferson Road, 2nd Floor
> Parsippany, NJ  07054
> Email:shumphreys@kelleydrye.com

on behalf of Settling Defendants. Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XIII (Notices and Submissions).

7.      **Deposit of Payment**. The total amount to be paid pursuant to Paragraph 5 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

8.      **Notice of Payment**. At the time of payment, Settling Defendants shall send to EPA and DOJ, in accordance with Section XIII (Notices and Submissions), and to the EPA Cincinnati Finance Center by email at CINWD_AcctsReceivable@epa.gov, a notice of this payment including references to the CDCS Number, Site/Spill ID Number 06GZ, and DJ Number 90-11-2-07465/8.

## VII.    FAILURE TO COMPLY WITH CONSENT DECREE

9.      **Interest on Late Payments**. If Settling Defendants fail to make any payment required by Paragraph 5 (Payment by Setting Defendants for Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10.     **Stipulated Penalty**

a.     If any amounts due under Paragraph 5 (Payment by Setting Defendants for Response Costs) are not paid by the required due date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9 (Interest on Late Payments), $1,000 per violation per day that such payment is late.

b.     Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made on-line to www.pay.gov which accepts debit and credit cards and bank account Automated Clearing House (ACH). On the www.pay.gov main page, enter sfo 1.1 in the search field to obtain EPA's Miscellaneous Payment Form – Cincinnati Finance Center.  Complete the form identifying the name and address of the party making payment and the EPA site name, and reference the CDCS Number, Site/Spill ID Number 06GZ, and DJ Number 90-11-2-07465/8.

c.     At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 8 (Notice of Payment).

d.     Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

8

11.      If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.      Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

13.      Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI (Payment of Response Costs), or from performance of any other requirements of this Consent Decree.

## VIII.   COVENANTS BY THE UNITED STATES

14.      **Covenants for Settling Defendants by the United States**. Except as specifically provided in Paragraphs 15 and 16 (United States' Pre- and Post-Certification Reservations), and Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a) with regard to the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants extend only to Settling Defendants and do not extend to any other person.

9

15.    **United States' Pre-Certification Reservations**. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel Settling Defendants to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if: (a) prior to Certification of RA Completion, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the RA is not protective of human health or the environment.

16.    **United States' Post-Certification Reservations**. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel Settling Defendants to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if:

(a) subsequent to Certification of RA Completion, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the RA is not protective of human health or the environment.

For purposes of Paragraph 15 (United States' Pre-Certification Reservations), the information and the conditions known to EPA will include only that information and those conditions known

10

to EPA as of the date the ROD was signed and set forth in the ROD for the Site and the administrative record supporting the ROD. For purposes of Paragraph 16 (United States' Post-Certification Reservations), the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of RA Completion and set forth in the ROD, the administrative record supporting the ROD, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of this Consent Decree prior to Certification of RA Completion.

## IX.    RESERVATION OF RIGHTS BY UNITED STATES

17.    The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendants by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a.    liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.    criminal liability;

c.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d.    liability based on the ownership or operation of the Site by Settling Defendants when such ownership or operation commences after signature of this Consent Decree by Settling Defendants;

11

e.    liability based on Settling Defendants' transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, occurring after signature of this Consent Decree by Settling Defendants; and

f.    liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## X.    COVENANTS BY SETTLING DEFENDANTS

18.    **Covenants by Settling Defendants**. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

a.    any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.    any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Texas Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c.    any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law relating to the Site.

19.    Except as provided in Paragraph 21 (claims against other PRPs) and Paragraph 26 (res judicata and other defenses), the covenants in this Section shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations in

12

Section IX (Reservations of Rights by United States), other than in Paragraph 17.a (liability for failure to meet a requirement of the Consent Decree) or 17.b (criminal liability), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

20.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

21.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## XI.     EFFECT OF SETTLEMENT/CONTRIBUTION

22.     Except as provided in Paragraph 21 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree

diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

23.    The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendants have, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Paragraph 15 and 16 (United States' Pre- and Post-Certification Reservations) and Section IX (Reservations of Rights by United States), other than in Paragraph 17.a (liability for failure to meet a requirement of the Consent Decree) or 17.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

24.    The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the

Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

25.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by the United States set forth in Section VIII.

## XII.    RETENTION OF RECORDS

27.     Until 5 years after the Effective Date, Settling Defendants or their designees shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter

referred to as "Records") now in its possession or control, or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site.  Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

28.     After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, except as provided in Paragraph 29 (Privileged and Protected Claims), Settling Defendants shall deliver any such Records to EPA.

29.     **Privileged and Protected Claims**

a.     Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided they comply with Paragraph 29.b, and except as provided in Paragraph 29.c.

b.     If Settling Defendants assert a claim of privilege or protection, they shall provide the United States with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendants shall provide the Record to the United States in redacted form to mask the privileged or protected information only. Settling Defendants shall retain all Records that they claim to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendants' favor.

16

c.   Settling Defendants may make no claim of privilege or protection regarding:

(1)   any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2)   the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

30.   **Business Confidential Claims**. Settling Defendants may assert that all or part of a Record submitted to the United States under this Section is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim. Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

31.   Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

17

32.     Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XIII.   NOTICES AND SUBMISSIONS

33.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email:**        eescasemanagement.enrd@usdoj.gov


**As to DOJ by mail:**         EES Case Management Unit
                               U.S. Department of Justice
                               Environment and Natural Resources Division
                               P.O. Box 7611
                               Washington, D.C. 20044-7611
                               Re: DJ # 90-11-2-07465/8


**As to EPA:**                 Remedial Project Manager for the
                               Malone Service Company Superfund Site
                               Environmental Protection Agency

18

Region 6
1201 Elm Street
Dallas, Texas 75270

**As to Settling Defendants:**  Steven Humphreys
Kelley Drye & Warren, LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ  07054
Email:shumphreys@kelleydrye.com
And

Edward R. Harris, Jr
President
Sea Lion, Inc. and Sea Lion Technologies, Inc.
2525 Independence Parkway
Deer Park, Texas 77536

## XIV.   RETENTION OF JURISDICTION

34.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.    INTEGRATION

35.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

36.     This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or

19

considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

37.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES/SERVICE

38.     Each undersigned representative of the Settling Defendants and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, or his/her designee certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

39.     Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

40.     Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. FINAL JUDGMENT

Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the

final judgment between the United States and Settling Defendants.

SO ORDERED THIS _____ DAY OF _____, 20___.

_____

United States District Judge

Signature Page for Consent Decree Regarding Malone Service Company Superfund Site

**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


*s/ Samuel D. Blesi*
SAMUEL D. BLESI
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-5516
Fax: 202-514-1466
E-mail: Sam.Blesi@usdoj.gov


JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

*s/ Jimmy A. Rodriguez*
JIMMY A. RODRIGUEZ
Senior Litigation Counsel
Assistant United States Attorney
Southern District of Texas
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas  77002
Tel: (713) 567-9532
Fax: (713) 718 3303
jimmy.rodriguez2@usdoj.gov

Signature Page for Consent Decree Regarding Malone Service Company Superfund Site

**FOR THE ENVIRONMENTAL PROTECTION AGENCY**

# WREN STENGER

Digitally signed by WREN STENGER
DN: c=US, o=U.S. Government,
ou=Environmental Protection Agency,
cn=WREN STENGER,
0.9.2342.19200300.100.1.1=68001003651787
Date: 2021.10.27 07:39:49 -05'00'

Wren Stenger
Director, Superfund Division
U.S. Environmental Protection Agency
Region 6
1201 Elm Street
Dallas, TX  75270

# MARCIA FOSTER

Digitally signed by MARCIA FOSTER
DN: c=US, o=U.S. Government, ou=Environmental
Protection Agency, cn=MARCIA FOSTER,
0.9.2342.19200300.100.1.1=68001003652726
Date: 2021.10.26.18:25:44 -05'00'

Marcia Anne Foster
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 6
1201 Elm Street
Dallas, TX  75270

Signature Page for Consent Decree Regarding Malone Service Company Superfund Site

**FOR:  Sea Lion Technology, Inc.**

10-4-2021
Dated

Edward R. Harris, Jr
President
2525 Independence Parkway
Deer Park, Texas 77536


Agent Authorized to Accept Service on Behalf of Above-signed Party:

William Jackson, Esq.
Kelley Drye & Warren LLP
515 Post Oak Blvd., Suite 900
Houston, TX 77027

Signature Page for Consent Decree Regarding Malone Service Company Superfund Site

**FOR:  Sea Lion, Inc.**

10-4-2021

Dated

Edward R. Harris, Jr
President
2525 Independence Parkway
Deer Park, Texas 77536

Agent Authorized to Accept Service on Behalf of Above-signed Party:

William Jackson, Esq.
Kelley Drye & Warren LLP
515 Post Oak Blvd., Suite 900
Houston, TX 77027

25